UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL ROSE, *et al.*,

                              Plaintiffs,

                  -against-

THE STATE OF NEW YORK; THE
DEPARTMENT OF CORRECTION,

                              Defendants.

21-CV-3164 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Darrell Rose, who is currently detained at the Vernon C. Bain Center (VCBC) on Rikers

Island, filed this *pro se* complaint alleging that jail officials are not providing him and other

detainees with the means to protect themselves from contracting COVID-19. They are seeking

money damages. The complaint includes the names of 41 other detainees housed in the 1BB

dorm in VCBC. All except one of the detainees signed the complaint, and most of the detainees

submitted requests to proceed *in forma pauperis* (IFP), that is without prepayment of fees, and

prisoner authorizations.

    For the reasons set forth below, the claims of all the VCBC detainees whose names

appear in the complaint are severed under Fed. R. Civ. P. 21.

## DISCUSSION

    Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to

join in one action if (1) they assert any right to relief arising out of the same occurrence or series

of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the

action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3

(S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and

determine 'whether the essential facts of the various claims are so logically connected that

considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, 7 Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

While there are similarities among their claims, each Plaintiff has his own unique circumstances, including his own conviction status, underlying health conditions, and complaints regarding his detention. It is therefore not clear that their claims arise out of the same

occurrences or that questions of law or fact in common to all of them will arise. *See* Fed. R. Civ. P. 20.

Even if Plaintiffs in this action were properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the Plaintiffs' claims in one action. As *pro se* litigants, each Plaintiff may appear only on his own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During this action, each Plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. Allowing each Plaintiff to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation. *See Lee v. Dep't of Corrs.*, ECF 1:20-CV-8407, 7 (GBD) (SDA) (S.D.N.Y. Nov. 9, 2020) (severing claims of 50 detainees who alleged that officials at VCBC were failing to protect them from COVID).

The Court will therefore sever this action into individual cases. Darrell Rose will proceed as the sole plaintiff in this action. The other 41 plaintiffs — Tyriek Gibson #3492000664; Jahiek Chunn #5412100066; Rydell Latta #5412100065; Dequawn McKenzie #2412100257; Christopher Queiroz #8252100137; George Hinton #8951900017; Sefton Jenkins #3492002568; Miguel Angel Acosta #3492100283; Luis Amaro #3492100291; Michael Aviles #2412001562; Denis Giovany Junes Rivas #1472100354; Ramon Cepeda #2412001136; Lawrence Richardson #3102100055; Daniel Young #4412001146; Jason Roldan #2412100201; Wilford Person #3102100054; Darron Swinnie #8952000358; Derrick Frances #2412100255; Hector Soto #5412100050; Joseph Yarbough #5412100095; Brian Miller #3492001719; Danny Delacruz #2412001135; Mitchell Thompson #3492001965; Shared King #4412001342; Chester Taylor #3601800108; Ernesto Valerio #21111903712; Michael Perry #132000229; Jamarr Credle #1412100476; Markus Useche #5411901662; Maurice Robinson #3492001360; Montrell Fortune #3002000273; Jordan Frederick #2411803708; Troy Campbell #3412001817; Deshaun Powell #8452100160; Rashaid Todman #2412100376; Daniel Hurdle #1412100581; Jeremy Cuevas #2412000701; Jared Eng #3491900860; Anand Seenarine #3491901188; Kevin R.

Richardson #4412100274; and Calvin Devon Buchanan #2412100344[1] — will each be assigned a new case number.

A copy of the complaint (ECF 2) and this order will be docketed in each new case. The new cases will proceed independently from this point on, and Plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court.[2] Once the new cases are opened, the Court will direct the plaintiffs who have not already submitted signed IFP applications and prisoner authorizations to do so. Any individual who did not sign the complaint will also be required to submit a declaration of his intent to proceed as a plaintiff in his own case.

## CONCLUSION

The Court severs the claims of all plaintiffs under Fed. R. Civ. P. 21. (ECF 1 at 1-8.) Darrell Rose will proceed as the sole plaintiff in this action.

The Clerk of Court is directed to open separate civil actions with new docket numbers for the following plaintiffs: Tyriek Gibson #3492000664; Jahiek Chunn #5412100066; Rydell Latta #5412100065; Dequawn McKenzie #2412100257; Christopher Queiroz #8252100137; George Hinton #8951900017; Sefton Jenkins #3492002568; Miguel Angel Acosta #3492100283; Luis Amaro #3492100291; Michael Aviles #2412001562; Denis Giovany Junes Rivas #1472100354; Ramon Cepeda #2412001136; Lawrence Richardson #3102100055; Daniel Young #4412001146; Jason Roldan #2412100201; Wilford Person #3102100054; Derrick Frances #2412100255; Hector Soto #5412100050; Joseph Yarbough #5412100095; Brian Miller #3492001719; Danny Delacruz #2412001135; Mitchell Thompson #3492001965; Shared King #4412001342; Chester

---

[1] Plaintiff Buchanan has submitted an IFP application and prisoner authorization but does not appear to have signed the complaint.

[2] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

Taylor #3601800108; Ernesto Valerio #21111903712; Michael Perry #132000229; Jamarr Credle #1412100476; Markus Useche #5411901662; Maurice Robinson #3492001360; Montrell Fortune #3002000273; Jordan Frederick #2411803708; Troy Campbell #3412001817; Deshaun Powell #8452100160; Rashaid Todman #2412100376; Daniel Hurdle #1412100581; Jeremy Cuevas #2412000701; Jared Eng #3491900860; Anand Seenarine #3491901188; Kevin R. Richardson #4412100274; Darron Swinnie #8952000358; and Calvin Devon Buchanan #2412100344. A copy of the complaint (ECF 2) and this order should be docketed in each new case.

The Clerk of Court is directed to mail a copy of this order to each of the plaintiffs at the following address: Vernon C. Bain Center, 1 Halleck Street, Bronx, New York, 10474, and note service on the docket.

SO ORDERED.

Dated:    May 7, 2021
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
