RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

21 SEP 24 PM 2:42

S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

21-cv-4205 (LTS)

Write the full name of each plaintiff.

RAMON CEPEDA Plaintiff

(Include case number if one has been assigned)

-against-

**AMENDED**

"see attached"

**COMPLAINT**

Defendants.

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ Federal Question

☐ Diversity of Citizenship

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Defendants violated plaintiff's 8th & 14th Amendments Federal Constitutional rights under color of state law and 42 U.S.C. §1983 Federal Law.

### B. If you checked Diversity of Citizenship

1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, Ramon Cepeda (Plaintiff's name), is a citizen of the State of

New York

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, __Linda Griffen__, is a citizen of the State of
(Defendant's name)

__New York, Warden of V.C.B.C.__

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

__Ramon__          __E.__          __Cepeda__
First Name         Middle Initial   Last Name

__1111 Hazen Street, R.N.D.C.__
Street Address

__Bronx,__                          __New York__
County, City                        State              Zip Code

_____               _____
Telephone Number                    Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
First Name: Linda
Last Name: Griffen
Current Job Title (or other identifying information): Warden, Vernon C. Bain Center
Current Work Address (or other address where defendant may be served): 1 Halleck Street
County, City: Bronx, N.Y.
State: New York
Zip Code: 10474

Defendant 2:
First Name: 
Last Name: Louden (V.C.B.C.)
Current Job Title (or other identifying information): Deputy Superintendent
Current Work Address (or other address where defendant may be served): 1 Halleck Street
County, City: Bronx, N.Y.
State: New York
Zip Code: 10474

Defendant 3:
First Name: 
Last Name: Jones (V.C.B.C.)
Current Job Title (or other identifying information): Deputy Superintendent
Current Work Address (or other address where defendant may be served): 1 Halleck Street
County, City: Bronx, N.Y.
State: New York
Zip Code: 10474

Page 4

# Addendum

Defendant 5: <u>            Walden      </u>
                First Name      Last Name

<u>Captain (V.C.B.C.)</u>
Current Job Title

<u>1 Halleck Street</u>
Current Work Address

<u>Bronx, N.Y.   N.Y.   10474</u>
County, City   State   Zip Code

Defendant 4: **Carter**
First Name      Last Name

**Deputy Superintendent (VCBC)**
Current Job Title (or other identifying information)

**1 Halleck Street**
Current Work Address (or other address where defendant may be served)

**Bronx, N.Y.     New York     10474**
County, City         State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: **Vernon C. Bain Center**

Date(s) of occurrence: **July, 2020 — ~~~~ June, 2021**

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

1. This Court has jurisdiction over this action under 28 U.S.C. sections 1331 and 1343(3) and (4).
2. Venue properly lies in this District pursuant to 28 U.S.C. § 1396(a) because the events giving rise to this cause of action occurred in Vernon C. Bain Center (V.C.B.C.), Bronx County jail, New York City, New York State.
3. Defendant Warden Linda Griffen violated plaintiff's federal constitutional rights, the 8th and 14 amendments intentionally through her acts of deliberate indifference to plaintiff's requests that she abide by the Law and Department of Correction's regulations. To keep plaintiff in a healthy, sanitary and safe environment to

Page 5

Sign on the wall area:

- All people in custody while locked out in a congregant setting shall be required to wear a mask.

- People in custody can receive a mask from the housing officer.

- People in custody must wear a mask when leaving and returning to their housing area.

- All staff regardless of post shall be required to wear a mask and be in possession of gloves. Your compliance will help prevent the spread of covid-19.

5. Warden Griffen visited dormitory 1BB at numerous times. During these visits in the months of August 2020 and proceeding months until May of 2021, Plaintiff would seek to speak to Warden Griffen directly about the many illegal violations pertaining to covid-19.

6. Issues I mentioned to her were the extreme overcrowding of having 50 detainees in the housing unit when the lawful regulations said that only a maximum amount of 20 detainees were to be confined in the dormitory. That distancing of six (6) feet among the detainees must be complied with at all times which included the beds in

the dormitory. No more then 10 detainees were allowed to be in the dayroom area at any time.

7. Furthermore, plaintiff repeatedly asked Warden Griffen why she had ordered her subordinates to stop providing the mandatory health and safety mandatory items to protect against covid-19.

8. Sanitizers, bleach spray bottles, masks and other cleaning agents to clean showers, doorknobs, alcohol pads to clean the housing unit telephones used by the detainees, etc.

9. Warden Griffen had her personal escorts other correction guards block plaintiff and other detainees from approaching her with proximity to talk to her. She walked around the dormitory quickly, and only twice as she was rapidly on her way out of the dormitory did she say, "See the Dep."

10. Dep. Supt. Louden, was intentionally deliberately indifferent to plaintiff and other detainees health and safety needs against contracting covid-19. Dep. Supt. Louden was address by plaintiff and other detainees about the overcrowding violations that were in effect on a daily basis.

11. Whenever Dep. Supt. Louden and other Correction guards continued to bring newly arrived and other detainees into newly assigned housing unit 1BB. Dep. Supt. Louden and the other Correction guards would be met at the entrance door by dormitory detainees. Who would attempt to resist their imposition of overcrowding the 1BB dormitory. Dep. Supt. Louden would use force, intimidation and bullying to make the detainees he brought stay in the 1BB dormitory. Dep. Supt. Louden would say "I run this, and I do what I want."

12. Plaintiff and the dormitory detainees sought redress from Dep. Supt Louden to stop the Unconstitutional violations of the 8th, 14th Amendments of overcrowding — not being given masks, bleach spray bottles, alcohol pads, cleaning agents for the bathroom and showers etc. Louden would just respond see the captain about it. Plaintiff and others told Dep. Supt. Louden that Warden Griffen had said to see the Dep. which also meant him. He just answered, see the captain and would leave the dorm.

13. Dep. Supt. Jones, violated plaintiff's 8th & 14th Amendment constitutional rights by subjecting plaintiff to physical harm intentionally and with deliberate indifference. During the month of May 2020 despite dormitory 1BB being at full capacity and overcrowded. In the spring of 2021 Dep. Supt. Jones brought a detainee to be housed in 1BB dormitory. The detainee was a homosexual

person. She provoked an altercation with a group of the detainees from 1BB because they were resisting the overcrowding, and they did not want the detainee to be housed there due to his homosexual orientation.

14. A verbal altercation ensued between Dep. Supt. Jones, the Four (4) guards that were her escort and the group of detainees. The gay person became involved in an argument with the 1BB dormitory detainees because they did not want the person to live there due to his homosexual status.

15. In the ensuing altercation Dep. Supt. Jones sprayed Riot gas in a very large amount, and sprayed plaintiff directly and a few other detainees who were just stand in the dayroom with the gas. Plaintiff and the detainees who were standing in close proximity to plaintiff were not in any way involved in the altercation.

16. After spraying the gas indiscriminately. She and the four guards ran out of the housing unit. Plaintiff's face, neck, arms and chest burned tremendously. C.O. in charge of the 1BB dormitory, Richardson and the C.O. inside the console refused to turn on the fresh air from the ventilators to help dissipate the gas. Thereafter, through intentional deliberate indifference they waited about Four (4) hours before they took plaintiff and others to the clinic.

17. The Vernon C. Bain Center is a barge or boat that was converted to a Bronx County jail. The few windows of the barge are like those of a ship and sealed tight. The only air that comes in is that brought in by air ventilators. When gas is sprayed inside — even with air being brought in by the ventilators. The gas is just about all one can breathe, especially when just sprayed.

18. Plaintiff had just taken a direct hit of gas that Dep. Supt. Jones had sprayed into the group in which plaintiff was standing. The gas hit plaintiff's face and went into plaintiff's lungs. All plaintiff could breathe was the gas and its burning sensation which lasted for four (4) days. The doctor at the clinic said there was nothing he could do. I just had to let it go away by itself.

19. Before seeing the doctor I was asked if I wanted to write a statement about the incident and what had happened by a C.O. Escalera. I said yes. I wrote the statement while waiting to see the doctor. After writing the statement, I gave it to C.O. Escalera and asked her to give me a copy. After I saw the doctor, I went to C.O. Escalera and requested my copy of the statement. C.O. Escalera lied and said that I had not given her the statement. C.O. Escalera was in collusion with Dep. Supt. Jones to get rid of the statement.

20. Plaintiff and other detainees sought

to have Dep. Supt. Jones stop the illegal violations and to provide masks, bleach liquid, alcohol pads, cleaning cloths, cleaning agents to clean the bathroom and showers, etc. Dep. Supt. Jones ignored the requests by remaining silent, and a couple of times said see the captain as she walked out of the housing unit.

21. Dep. Supt. Carter, violated plaintiff's 8th & 14th Amendment constitutional right by not providing a safe and protective environment against the covid-19 through deliberate indifference to plaintiff's constitional rights and failure to protect his health and safety against contracting the covid-19 virus from August 2020 until May of 2021.

22. Whenever Dep. Supt. Carter came to dormitory 1BB plaintiff and others tried to obtain redress from her to the continuous violations to protect him against the covid-19 virus. The incessant violations committed on a daily basis were the source of discontent and conflict in the 1BB unit.

23. Plaintiff and others would ask Dep. Supt. Carter to limit the overcrowding, to enforce the distancing procedure mandated against covid-19, to provide masks, liquid bleach, alcohol pads, cleaning agents for the bathroom and showers. To enforce cleaning of the phones, doorknobs etc. Dep. Supt. Carter only stated that the

courts kept sending them people that were arrested, and the city would not provide them with the necessary items and equipment to maintain a safe environment.

24. Captain Walden, during the month of September 2020 at approximately 6:30 a.m. I went to speak to the C.O. of the night shift to ask if I was on the list for a court appearance on that day. She checked and told me that I was not on the court list.

25. Thereafter I made an inquiry to her about all the violations and the lack of there being no masks and other items to protect detainees against covid-19. However, they had masks all types of cleaning and protection items for the C.O.s. She said that they had those things because the union mandated it.

26. While I was engaged in the conversation, Captain Walden walked in the housing unit 1BB. He joined the conversation, and I asked him why they were always making allegations that there were no masks and other items for the protection of detainees against the covid-19. Captain Walden told me that whoever was saying that there were no masks and items for detainees' use was lying because I saw the stock of all supplies in the Dep's office. That he saw those supplies everyday. It was just that those C.O.s were lazy and did not want to get the supply items. Captain Walden said that he would get the supplies, but the situation remained the same. I assume he did not get the supplies.

protect him against the deadly disease the covid virus.

4. D.O.C. and the City of New York mandated many lawful rules and regulations through verbal commands, Warden Griffen refused to implement and follow in her continuous acts of deliberate indifference to plaintiff's safety and health. Among the rules and regulations that Warden Griffen was mandated to implement and adhered to as posted by written

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

Compensatory Damages $500,000.00

Punitive Damages $200,000.00

Page 6

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| September 13, 2021 | Ramon Cepeda |
| Dated | Plaintiff's Signature |

Ramon Emilio Cepeda
First Name / Middle Initial / Last Name

1111 Hazen Street (R.N.D.C.)
Street Address

East Elmhurst, N.Y. 11370
County, City / State / Zip Code

None Available
Telephone Number / Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes  ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

Ramon Cepeda
#2412001136 5US
R.N.D.C.
1111 Hazen Street
East Elmhurst, N.Y. 11370

Hon Laura Taylor Swain
Chief United States
District Judge
United States District Court
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007
c/o Clerk of Court

RECEIVED
SDNY PRO SE OFFICE
2021 SEP 24 PM 2:15